IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JENNIFER COATES,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-3419 |
| **MAYOR & CITY COUNCIL OF BALT.,** | * | |
| Defendant | * | |

## MEMORANDUM

Plaintiff Jennifer Coates sued her former employer, the Mayor and City Council of Baltimore ("MCCB"), claiming employment discrimination in the form of hostile work environment and retaliation. (2nd Am. Compl., ECF No. 38.) Coates was formerly the Director of the Office of Council Services in Baltimore, Maryland. She alleged she was ordered by Defendant to fire one of her subordinates, Richard Krummerich, who was white and in his fifties (*Id.* ¶ 34.xvi); she further alleged, because she did not fire Krummerich, that then-Council President Stephanie Rawlings-Blake and her chief of staff, Kimberly Washington, created a hostile work environment for her. (*Id.* ¶¶ 18, 72, 73.)[1] Coates also alleged that her resignation on August 6, 2008, was a constructive discharge in retaliation for her actions. (*Id.* ¶¶ 78-82.) She claimed in her complaint that, in creating the hostile work environment, Defendant was motivated by age and race. (*Id.* ¶ 77.)

---

[1] Coates originally sued, in addition to the Mayor and City Council of Baltimore, Stephanie Rawlings-Blake (now, Mayor of Baltimore) and Kimberly Washington. (Compl., ECF No. 2.) Coates's second amended complaint did not include either of the latter as defendants. The separate order accompanying this memorandum will note their dismissal from the case.

Pending before the Court is Defendant MCCB's motion for summary judgment. (ECF No. 39.)[2] Plaintiff filed no response and the case, therefore, proceeds to conclusion without any admissible evidence on Plaintiff's behalf included in the record.[3] No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be granted.

## I. *Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by

---

[2] MCCB originally filed its motion for summary judgment (ECF No. 34) as to Coates's amended complaint (ECF No. 5), which included more counts than the second amended complaint includes. MCCB's original motion for summary judgment, directed at a superseded pleading, will be denied as moot. Its motion for summary judgment on the second amended complaint (ECF No. 39) is the motion at issue in this memorandum opinion.

[3] The Court attempted to ascertain if Plaintiff's lack of opposition was intentional when the Court directed Plaintiff to advise the Court if she did not intend to oppose the motion. (Paperless Order 1/23/12, ECF No. 40.) Surprisingly, Plaintiff's counsel filed a one-sentence letter saying Plaintiff "does oppose" MCCB's motion, requests a hearing on the motion, and would "like to argue on the record in opposition to" the motion. (Letter 1/25/12, ECF No. 41.)

2

affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

## II. *Prima Facie* Case

Coates has claimed two kinds of discrimination: hostile work environment and retaliation. Because she has offered no direct evidence of discriminatory intent, she must rely upon indirect proof to establish her case under the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998).

To prove a complaint of hostile work environment, Coates must establish that she suffered workplace harassment that was "(1) unwelcome, (2) based on race [or other factor improper under antidiscrimination laws], and (3) sufficiently severe and pervasive to alter the conditions of employment and create an abusive atmosphere." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001). Coates may prove her allegation of retaliation by showing (1) she engaged in protected activity, (2) her employer took adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse action. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989). Under either theory, if a plaintiff establishes a *prima facie* case, then the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its decision. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). If the employer satisfies this burden of production, the burden then shifts back to the plaintiff to show "'by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Reeves*, 530 U.S. at 143 (quoting *Texas Dep't of Cmty. Affairs v.*

*Burdine*, 450 U.S. 248, 253 (1981)).  This final inquiry "merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.  The evidence before the Court shows that Coates is unable to prevail on either cause of action.

### III.  Analysis

#### A.  Hostile Work Environment

The Court has reviewed all of the exhibits submitted by MCCB in support of its motion for summary judgment.  The exhibits included excerpts of deposition testimony by Coates, Washington, and Krummerich; affidavits by Rawlings-Blake and two other employees of the City Council; Coates's answers to interrogatories; and various documents.  In none of these exhibits is any evidence that any conduct or statements attributable to Rawlings-Blake or Washington were motivated by age or race.  Rather, it is clear that then-President Rawlings-Blake desired to upgrade the performance and professionalism of the Office of Council Services, that Krummerich was reasonably perceived by her to be performing below par, and that Coates was unable to exercise sufficient supervisory skill to improve Krummerich's performance.  (Def.'s Mot. Summ. J. Ex. 11, Rawlings-Blake Aff.)  Coates seemed to be concerned about how it would look if she were to fire the only white analyst under her purview since the other three analysts are African-American (*id.* Ex. 5, Coates Dep. 140:16—149:22), but her speculation as to that potential perception cannot be attributed to either Rawlings-Blake or Washington as evidence of an improper motive on their part.  And although Coates was concerned that discipline, including termination, of Krummerich could be viewed as discrimination, her greater concern seemed to have been compliance with governing civil service rules pertaining to discipline of employees (*id.* 142:19—143:9; 195:2—196:3; 197:8-13; 199:7—200:2; Ex. 21, Coates resignation letter 8/6/2008).

Moreover, the Court finds no evidence of harassment. At deposition, Coates said she felt "pushed" to do a performance evaluation of Krummerich, but admitted that everything in the evaluation was true. (Coates Dep. 248:18—250:9.) She complained that when she was in Rawlings-Blake's and Washington's presence, they would not converse with her; also, Coates indicated sometimes Washington was slow to respond to email messages. (*Id.* 252:9-16.) Rawlings-Blake and Washington kept asking Coates to discipline Krummerich. (*Id.* 256:7-17.) Rawlings-Blake and Washington "wanted positions to fill," which Coates indicated meant Krummerich's and Coates's positions. (*Id.* 257:14-18.) It is evident that Rawlings-Blake was dissatisfied with the lack of resolution to her concern and, as time went by with no progress being made, indicated that Coates should not continue in her capacity as Director of Council Services. But an employer's desire to rectify an unsatisfactory situation by terminating the employee responsible for, but seemingly incapable of, solving the problem cannot be considered, without more, harassment. And none of the instances mentioned by Coates in her deposition amounts to harassment, individually or together. Summary judgment will be granted to Defendant on Count I.

### B. *Retaliation*

The preceding analysis provides the backdrop for the Court's analysis of Coates's retaliation claim. To succeed on a retaliation claim, Coates must prove that she engaged in protected activity under the employment discrimination laws. *See, e.g.*, 42 U.S.C. § 2000e-3(a) (prohibiting discrimination against employee because employee opposed employer's unlawful employment practice or made charge, testified, assisted, or participated in investigation, proceeding, or hearing under Title VII). Although it is not necessary that an employee's underlying discrimination claim be meritorious to succeed on a retaliation claim, s*ee Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 357 n.1 (4th Cir. 1985), *abrogated on other grounds by*

*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), it is necessary that an employee have an objectively reasonable belief that the employer committed an unlawful employment practice, *see EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005); *Greene v. A. Duie Pyle, Inc.*, 170 F. App'x. 853, 856 (4th Cir. 2006) (unpublished). Because Coates has no colorable claim that MCCB possessed an illegal motive for seeking Krummerich's discipline or termination, she has no basis for claiming that Defendant engaged in an unlawful employment practice. Under the circumstances, it was objectively unreasonable for Coates to believe Defendant was attempting to discriminate against Krummerich. Consequently, her resistance to cooperation with MCCB regarding Krummerich does not constitute protected activity. Her claim of illegal retaliation fails.

## IV.  Conclusion

Defendant MCCB has established that no genuine dispute exists as to any material fact and that it is entitled to judgment as a matter of law. A separate order will be entered in accordance with this opinion.

DATED this 14th day of February, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge